Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ALEJANDRO MORALES-ORTIZ, *on behalf of himself, and other similarly situated employees,* | Case No.: 22 CV 2730 |
| Plaintiff, | **COMPLAINT in an FLSA ACTION** |
| -against- | |
| RM&M PIZZA CORP., *doing business as* D'ANGELO'S PIZZERIA AND RESTAURANT, *and* RIGOBERTO JIMENEZ, individually, | ECF Case |
| | Jury Trial Demand |
| Defendants. | |

---

Plaintiff, Alejandro Morales-Ortiz ("Plaintiff"), on behalf of himself, and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, RM&M Pizza Corp., *doing business as* D'Angelo's Pizzeria and Restaurant, (herein, "D'Angelo's Pizzeria"); or any predecessor, successor or related business entity doing business as D'Angelo's Pizzeria, located at 63-27 108th Street, Forest Hills, New York 11375; and Rigoberto Jimenez, individually (defendants collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid

wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFF*

5. Plaintiff is an adult resident of Queens County, in the City of New York.

6. Plaintiff was an employee of RM&M Pizza Corp., doing business as D'Angelo's Pizzeria, in Queens County, New York, beginning in 2010, and ending on or about March 26, 2022, without interruption.

### *THE DEFENDANTS*

7. At all relevant times, Defendant, RM&M Pizza Corp., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as D'Angelo's Pizzeria, located at 63-27 108th Street, Forest Hills, New York 11375.

8. Defendant Rigoberto Jimenez is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, D'Angelo's Pizzeria, who actively participated, and continues to participate in the day-to-day operations of the corporate defendant, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with D'Angelo's Pizzeria.

9. The individual defendant Rigoberto Jimenez, exercised control over the terms and conditions of Plaintiff, and other similarly situated employees' employment, in that he had and has the power and authority to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of his employees, including Plaintiff, and (v) otherwise affect the quality of his employees' employment.

10. Defendant, Rigoberto Jimenez, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are to receive, and the method and manner by which the employees are paid. He is present in the restaurant daily and personally directs the workers at his establishment, including Plaintiff.

11. Defendant Rigoberto Jimenez, paid Plaintiff, on a weekly basis.

12. Defendant Rigoberto Jimenez exercised sufficient control over D'Angelo's Pizzeria's day-to-day operations as to be considered an employer of Plaintiff, and other similarly situated employees, under the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

14. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, D'Angelo's Pizzeria, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

15. At all relevant times, D'Angelo's Pizzeria, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At relevant times, Defendant D'Angelo's Pizzeria, had an annual gross volume of sales in excess of $500,000.

17. Defendants employed Plaintiff in Queens County, New York, as a food preparer and general helper, at a restaurant owned and operated by the corporate and individual defendants.

18. The work performed by Plaintiff was directly essential to the Pizzeria and Italian restaurant operated by the corporate and individual Defendants.

19. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, and other similarly situated employees, lawfully earned wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, and other similarly situated employees, lawfully earned "spread of hours" premiums, in contravention of the New York Labor Law.

## STATEMENT OF FACTS

22.     Plaintiff, Alejandro Morales-Ortiz, was employed by Defendants in Queens County, New York, as a food preparer and general helper, at Defendants' Italian restaurant and Pizzeria known as "D'Angelo's Pizzeria", beginning in 2010, through on or about March 26, 2022, without interruption.

23.     During his employment, Plaintiff Alejandro Morales-Ortiz worked over forty (40) hours per week.

24.     During his employment, Alejandro Morales-Ortiz, worked six (6) days per week.

25.     During his employment, Plaintiff's typical schedule was typically 10:00 a.m. until 8:00 p.m., although he often stayed later. Some days he was scheduled to work 3:00 p.m. to 11:00 p.m.

26.     Plaintiff often worked in excess of ten (10) hours per shift.

27.     Plaintiff was not a tipped employee.

28.     Plaintiff was paid an hourly wage of $12.00 per hour in 2016 through 2018. In 2019, his hourly rate of pay was increased to $15.00 per hour. In 2020 his hourly rate of pay was further increased to $15.50 per hour. In 2021 his hourly rate of pay was further increased to $16.00 per hour. In 2022, during the last three (3) months of his employment, Plaintiff was paid $16.50 per hour.

29.     Plaintiff's compensation fluctuated based on the number of hours he worked each week.

30.     Plaintiff was paid "off the books", in cash.

31.     Plaintiff was not paid overtime compensation.

32.     Plaintiff did not punch a time clock but he recorded his hours in a notebook which the owner kept.

5

33. Plaintiff worked in excess of forty (40) hours per week but was not paid at time and one-half his regular rate of pay as required by state and federal law.

34. Plaintiff was not provided with a wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay.

35. Plaintiff was not given any accounting of his weekly hours and pay.

36. At all times relevant to this action, Plaintiff was paid his wages by cash.

37. Plaintiff was not provided a "wage statement" or pay stub with his weekly compensation.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

38. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed Plaintiff and other similarly situated employees, within the meaning of the FLSA.

41. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

42. Plaintiff and other similarly situated employees worked hours for which they were not paid any wages.

43. At all relevant times, Defendants had a policy and practice of refusing to pay wages to Plaintiff, for some of the hours he worked.

44. Plaintiff, and others similarly situated, were entitled to be paid at the rate of time and one-half the New York State minimum rate of pay for all hours worked in excess of forty (40) each workweek.

45. The Defendants failed to pay Plaintiff, and others similarly situated, wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

46. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and other similarly situated employees, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and other similarly situated employees, at the statutory minimum wage rate and the statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure them

48. The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiff and other employees, sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

49. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate.

50. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

53. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

54. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

56. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for all hours worked.

57. The corporate and individual Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times the minimum rate of pay (or his regular rate of pay, when higher), for each hour worked in excess of forty (40) hours in a workweek.

58. Each of the Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums for each day he worked in excess of ten (10) pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4. This occurred approximately three (3) shifts per week.

59. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

60. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

62. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

63. Defendants did not provide Plaintiff, with an accurate written statement properly accounting for his actual hours worked, and setting forth his true hourly rate of pay, regular wages, and/or overtime wages.

64. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying him for his full hours worked; and, overtime due.

65. Defendants disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

66. Plaintiff and other similarly situated employees, were not provided with true and accurate wage statements as required by law.

67. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

68. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

69. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, and other similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(g) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
May 11, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

By: _____
Peter Hans Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   Rigoberto Jimenez

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Alejandro Morales-Ortiz intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of RM&M Pizza Corp., dba D'Angelo's Pizzeria, for all debts, wages and / or salaries due and owing to him as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       May 11, 2022

Respectfully submitted,

By: _____
    Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

Case 1:22-cv-02730-CLP  Document 1  Filed 05/11/22  Page 13 of 13 PageID #: 13

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Alejandro Morales Ortiz, am an employee currently or formerly employed by D' Angelo's Pizza & Pasta, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       May 10, 202

_____
Alejandro Morales Ortiz